Conaway, J.
This is a petition for a writ of habeas corpus, and is heard in this court upon the petition of Brenner, the « - turn or answer of the sheriff of Carbon county, defendant herein, the-demurrer of petitioner to said answer, and the testimony taken below and certified to this court by the committing magistrate. It appears that petitioner is held by virtue of a commitment, after a. preliminary examination by a justice of the peace of Carbon county, upon a charge of fraudulently selling land as unincumbered which he had formerly disposed of by a mortgage which has not been discharged. We find it unnecessary to pass upon the several questions raised by the pleadings and the argument in this matter. The committing magistrate certifies that the testimony sent here is all the testimony taken in the case. The word “ testimony” is not synonymous with “evidence; ” but, if documentary evidence had been introduced below, it would have been produced by some witness, and must have been referred to in the testimony of such witness. As no such documentary evidence is so referred to, it is clear that this record contains all the evidence introduced at the preliminary examination before the justice of the peace; and probably the committing magistrate in his certificate, and the stenographer in his oath, both to the effect that the testimony sent to this court is all the testimony taken at the prelimi *413 nary examination, use the word “testimony” in the sense of “evidence.” Saying nothing of the objections raised as to the sufficiency of the complaint, and to the form of the warrant of commitment, we find the evidence totally insufficient to support the commitment. There is nothing showing that the transaction charged to be criminal occurred within the territorial jurisdiction of this court. There is not even a hint as to where it occurred. There is not a scintilla oí evidence as to venue, which, of course, is fatal to the existing commitment. So far all is plain. What should be done in the matter is a more difficult question. Our statute provides that the court or judge, upon a hearing of this kind, may consider the testimony taken before the committing magistrate, if it be in writing, and any other evidence procured, and may remand, commit, or discharge the petitioner, according to the circumstances of the case. No other evidence has been produced. We are loth to impose upon the parties the inconvenience and expense of appearing here for examination with the witnesses. Neither will it do to establish the practice of releasing persons charged with crime, and thus giving guilty parties an opportunity to escape justice on account of defect, however serious, in the proceedings before committing magistrates. Petitions for habeas corpus should, as a general thing, be presented to the judge nearest the place where the petitioner is restrained of his liberty, and parties will be held very strictly to this rule, except where special and very cogent reasons exist for a departure from it. This judge can hold the re-examination, when necessary, upon the spot, and do it as expeditiously and economically as the committing magistrate could. But this ease, we think, may well be left to the authorities of Carbon county. Another prosecution can be begun there if the cause of justice require it. Under all the circumstances appearing in this case, we think the petitioner should be discharged, and it is so ordered.
Mbrrelu, J., concurs.